# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

### CASE NO.: 3:26-cv-00719

FLYLAND DESIGNS, INC,

Plaintiff,

v.

JORDAN AGRICULTURAL SUPPLY, INC.,

Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff FLYLAND DESIGNS, INC by and through its undersigned counsel, brings this Complaint against Defendant JORDAN AGRICULTURAL SUPPLY, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff FLYLAND DESIGNS, INC ("Flyland") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Flyland's original copyrighted Work of authorship.

2.      Flyland is a Pennsylvania-based graphic artist studio founded in 2006 by Brian Allen ("Allen"). Allen is a freelance artist, illustrator and creative director who has worked with a variety of brands such as Activision, Marvel, Adult Swim, Metallica, Hulk Hogan, Chick-Fil-A, Harley Davidson, Hard Rock Cafe, MTV, and many more. Allen is wellknown for his work designing Gritty, the Philadelphia Flyers mascot that became an internet phenomenon.  Allen creates artworks for advertising agencies, music bands, apparel companies, restaurants,

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

motorcycle graphic distributors, packaging design firms, start-ups, magazines, and publishers. Flyland operates as the exclusive licensor of Allen's artwork.

3.      Defendant JORDAN AGRICULTURAL SUPPLY, INC. ("JASI") is an agricultural supply depot based in Monroe, Wisconsin. It was founded in 2008 and offers forage harvesting supplies and equipment for sale. At all times relevant herein, JASI operated the internet websites located at the URLs (the "Websites"):

   a. https://jordanagsupply.com/

   b. https://www.facebook.com/jordanagsupply/ ("Jordan Ag Supply Facebook page")

4.      Flyland alleges that JASI took Flyland's copyrighted Work from the internet and reproduced it in order to advertise, market and promote its business activities. JASI committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the JASI's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      JASI is subject to personal jurisdiction in Wisconsin.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, JASI engaged in infringement in this district, JASI resides in this district, and JASI is subject to personal jurisdiction in this district.

2
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

## DEFENDANT

9.    JASI, Inc. is a Wisconsin Corporation, with its principal place of business at W6174 County Road P., Monroe, WI, 53566, and can be served by serving its Registered Agent, CHARLES R WELLINGTON, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10.    In 2018, Allen created the illustration entitled "Eagle with US Flag Wings Spread," which is shown below and referred to herein as the "Work."



11.    Allen's Work is protected by copyright but is not otherwise proprietary, or trade secrets.

12.    Allen registered the Work with the Register of Copyrights on April 12, 2018, and was assigned registration number VAu 1-346-502. The Certificate of Registration and the original image is attached hereto as **Exhibit 1**.

13. Allen has granted exclusive rights in all his illustrations, including the Work, to his company, Flyland.

14. At all relevant times Flyland was the exclusive licensor of the copyrighted Work.

## INFRINGEMENT BY JORDAN AGRICULTURAL SUPPLY

15. JASI has never been licensed to use the Work for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, JASI reproduced, distributed and publicly displayed the Work on packaging for agricultural net wrap, in photographs promoting the net wrap product, and in published advertisements for its business and product.

17. On April 9, 2025, within three years of filing this action, Flyland learned of the unauthorized use of its Work.

18. The Work was reproduced on multiple times on the packaging wrap for JASI's "Freedom's Finest" net wrap, which was sold in large quantities, an example of which can be seen below and in multiple photographs promoting the product on JASI's Websites, as shown in **Exhibit 2**.



**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

19.    Additionally, the Work was reproduced by JASI to create an advertisement that was distributed and publicly displayed in twenty-one (21) separate publications of the "Dairy Star" newspaper to advertise and promote its business and products.  See **Exhibit 3** and below for one example of the advertisement.



20.    JASI copied and distributed Flyland's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services by using the Work as their product logo, complete with © and ® and TM symbols.



**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

21.    JASI committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2** and **Exhibit 3**.

22.    Flyland never gave JASI permission or authority to copy, distribute or display the Work for any purpose.

23.    Flyland notified JASI of the allegations set forth herein on May 6, 2025, June 30, 2025, February 17, 2026, March 4, 2026 and March 18, 2026. JASI failed to respond to any communications and had failed to remove the unauthorized display from its Websites. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

24.    Flyland incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.    Flyland holds exclusive rights in a valid copyright in the Work.

26.    The Work is registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27.    JASI copied, displayed, and distributed the Work and made derivatives of the Work without Flyland's authorization in violation of 17 U.S.C. § 501.

28.    JASI performed the acts alleged in the course and scope of its business activities.

29.    Defendant's acts were willful.

30.    Flyland has been damaged.

31.    The harm caused to Flyland has been irreparable.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

## COUNT II
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

32.    Flyland incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

33.    The Work contains false CMI.

34.    JASI knowingly and with the intent to enable or facilitate copyright infringement, added CMI, "Jordan AG Supply" and "Freedom's Finest" along with symbols of copyright and trademark ownership, to the Work in violation of 17 U.S.C. § 1202(a).

35.    JASI committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Flyland's rights in the Work protected under the Copyright Act.

36.    JASI caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Flyland's rights in the Work.

37.    JASI applied it own false CMI upon the Work.

38.    After applying the false CMI to the Work, JASI published the Work in violation of 17 U.S.C. § 1202(a).

39.    JASI, knowing that that they had added the false CMI to the Work, distributed the Work in violation of 17 U.S.C. § 1202(a)(2).

40.    Flyland has been damaged.

41.    The harm caused to Flyland has been irreparable.

WHEREFORE, the Plaintiff FLYLAND DESIGNS, INC prays for judgment against the Defendant JORDAN AGRICULTURAL SUPPLY, INC. that:

a.      JASI and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501, § 1202;

b.      JASI be required to pay Flyland its actual damages and Defendant's profits attributable to the infringement, or, at Flyland's election, statutory damages, as provided in 17 U.S.C. § 504, § 1203;

c.      Flyland be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Flyland be awarded pre- and post-judgment interest; and

e.      Flyland be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Flyland hereby demands a trial by jury of all issues so triable.

Dated: August 5, 2026                    Respectfully submitted,

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN
evan.andersen@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Flyland Designs, Inc.*